UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KING JR.,-EL,

     Petitioner,          CIVIL ACTION NO. 06-CV-10685-DT

vs.                 DISTRICT JUDGE PAUL D. BORMAN

                    MAGISTRATE JUDGE DONALD A. SCHEER

STATE OF MICHIGAN,     FORMERLY ASSIGNED TO
                    MAGISTRATE JUDGE WALLACE CAPEL, JR.,

     Respondent.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Petition for Writ of Habeas Corpus should be dismissed as Petitioner has failed to exhaust his state court remedies.

\* \* \*

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 1, 2006, alleging that his federal constitutional rights were violated when he was physically assaulted by two Michigan State Police officers during his arrest on February 11, 2006, without cause and in an attempt to inflict cruel and unusual punishment. Plaintiff asserted that he was not being assaultive towards the arresting officers and therefore the use of such force against him was excessive.

Petitioner filed an Amended Complaint on January 19, 2007, seeking to add as party defendants the 36th District Court, the Frank Murphy Hall of Justice and the 3rd Circuit Court of the State of Michigan (Docket #22). Petitioner claimed that these Michigan state

courts had violated his federal constitutional rights by authorizing his incarceration from February 11, 2006, through March 8, 2006, without the benefit of an arraignment. Petitioner also asserted that he was unlawfully detained when an unreasonably high bail was set, and then was allegedly not allowed to appeal the amount of the bail.

Respondent filed a Motion to Dismiss under FRCP 12(b)(6) on August 10, 2006, based upon a failure to state a claim upon which relief can be granted.  Respondent asserted that the habeas petition in this case did not state a claim that Petitioner was in custody in violation of the federal Constitution or laws or treaties of the United States.

TOTAL EXHAUSTION RULE

Before a state prisoner is entitled to habeas review, he must first exhaust his available state remedies by "fairly presenting" the substance of each federal constitutional claim[1] to the state appellate courts before raising them again in a petition for habeas corpus.  Picard v. Connor, 404 U.S. 270, 277-278 (1971).  Because nonconstitutional claims are not cognizable in federal habeas corpus proceedings, Smith v. Phillips, 455 U.S. 209, 221 (1982), a habeas petitioner must put state courts on notice that they are to decide federal constitutional claims.  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas relief.  Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  The Petitioner bears the burden of demonstrating exhaustion of state remedies. Prather v. Rees, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

---

[1] A writ of habeas corpus is available to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

**2**

In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that 28 U.S.C. § 2254 (b) and (c) require a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in state courts, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id. at 510.

In the instant case, Petitioner is still awaiting sentencing after his state court conviction.  He has not challenged that conviction before the Michigan appellate courts.

Accordingly, the instant petition for habeas corpus and amended complaint should be dismissed without prejudice as Petitioner has failed to exhaust his state court remedies before seeking federal habeas relief.  Petitioner must present the substance of each federal constitutional claim to Michigan's state appellate courts before raising them again in another petition for habeas corpus.  Given this recommendation, Petitioner's Motion for Discovery (Docket #8) and Motion for Expedited Removal from State Jurisdiction (Docket #20) should be denied.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

          s/Donald A. Scheer
          DONALD A. SCHEER
          UNITED STATES MAGISTRATE JUDGE

DATED:  February 9, 2007

CERTIFICATE OF SERVICE

I hereby certify on February 9, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 9, 2007:   **Jerry King Jr. - El**
c/o Yvonne Cross-El
858 Edison
Detroit, MI 48202

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217